Hogan GREEN *v.* STATE of Arkansas

5753                                    484 S.W. 2d 517

Opinion delivered September 18, 1972

*Gibbs Ferguson*, for appellant.

*Ray Thornton*, Atty. Gen., by: *James A. Neal*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, charged with having forged and uttered a check for $45.00, was tried by the court without a jury, was found guilty only of the charge of uttering, and was sentenced to imprisonment for six years. He argues three points for reversal.

First, it is insisted that the State's proof does not sustain the conviction. That contention is without merit. The State proved that on June 7, 1971, the accused, Hogan Green, was in the place of business of Bob's T.V. Service in McGehee. At that time he was paid $4.00 by check, for having assisted in the moving of an air-conditioning unit.

The owner of the business testified that on that occasion Green had access to the firm's checkbook, from the back of which three blank checks were later found to have been removed. On the following day one of those missing checks, imprinted with the firm's name, was cashed by Green at a liquor store in McGehee. The check, in the sum of $45.00, was made payable to "Henry Graves" and was signed by "Bob Lancaster"—both apparently fictitious names. Green denied having cashed the check and now argues that in any event the State failed to prove that he knew the signature to be a forgery. The trial court, however, evidently believed the testimony of the State's witnesses, which was amply sufficient to support the conclusion that Green knew the check to be a forgery when he cashed it.

Secondly, the six-year sentence is attacked as being excessive, on the ground that the trial judge was misled as to the maximum punishment provided by the statute. After both sides had rested the court inquired, "What is the penalty on uttering?" to which the prosecuting attorney replied, "Two to twenty-one, I believe, Judge." The answer should have been two to ten years, Ark. Stat. Ann. § 41-1806 (Repl. 1964), though there are two closely related offenses for which the maximum punishment is twenty-one years. Sections 41-1810 and 41-1823.

We find no error. The record does not indicate that the trial judge, in fixing the sentence, was influenced by the prosecutor's statement. To the contrary, the trial judge, after having announced his finding of guilt, inquired about Green's prior convictions. Green stated that he had one previous conviction, for forgery and uttering, upon which he was then serving a six-year sentence. The court then imposed the sentence now on review, and added: "If you don't get in any further trouble or anything, that means about a year, I think, the way they count your time now. It will be about a year, I think, additional time." Thus it appears that the court arrived at the sentence not by reference to the possible maximum but by reference to the actual time that Green could be expected to serve. Moreover, the record shows that the appellant elected to take an immediate appeal to this court, so that the trial judge was not afforded an opportunity to consider the contention now being made.

Thirdly, Green's court-appointed attorney states that he is associated with the deputy prosecuting attorney for Desha county, although that deputy took no part in the trial. A similar situation was considered in *McDonald v State*, 249 Ark. 506, 459 S.W. 2d 806 (1970). There the facts were more favorable to the accused than they are here; for in *McDonald* the two attorneys were brothers, and the deputy was present in the courtroom during the trial. We stated that the deputy's brother and law partner should not have been appointed as attorney for the defendant, but our study of the record convinced us that the accused had received a fair trial. Here, too, we think the better practice would have been for the court to appoint some other lawyer as counsel for Green, but, as in the case cited, we find nothing in the record to indicate that the relationship between the two attorneys operated in any way to the prejudice of the appellant.

Affirmed.